71.     Defendants are liable to plaintiff and members of the Class for the damages they sustained as a result of their CEA violations.

### COUNT TWO

### AIDING AND ABETTING VIOLATIONS OF COMMODITY EXCHANGE ACT, 7 U.S.C. § 25

72.     Plaintiff incorporates by reference the preceding allegations as if they were fully set forth.

73.     Defendants knowingly aided, abetted, counseled, induced, and/or procured the violations of the CEA alleged herein. Defendants did so knowing of each other's manipulation and suppression of COMEX silver futures and options contract prices, and willfully intended to assist these manipulations to unlawfully cause the price of COMEX silver futures and options contracts to be suppressed or to otherwise reach artificial levels during the Class Period, in violation of Section 22(a)(1) of the CEA, 7 U.S.C. § 25(a)(1).

74.     Defendants are liable to plaintiff and the Class for the damages they sustained as a result of the CEA violations.

### COUNT THREE

### VIOLATIONS OF SECTION 1 OF THE SHERMAN ACT

75.     Plaintiff incorporates by reference the preceding allegations as if fully set forth.

76.     Beginning at least as early as June 1, 2008, and continuing until at least March 31, 2010, defendants and their co-conspirators engaged in a continuing agreement, understanding, or conspiracy in restraint of trade to artificially fix, maintain, suppress, and/or stabilize the prices of COMEX silver futures and options contracts in violation of Section 1 of the Sherman Act and Section 4 of the Clayton Act.

77. During the Class Period, defendants possessed market power in the market for COMEX silver futures and options contracts.

78. The conspiracy consisted of a continuing agreement, understanding or concerted action between and among defendants and their co-conspirators in furtherance of which defendants fixed, maintained, suppressed and/or made artificial prices for COMEX silver futures and options contracts. Defendants' conspiracy is a *per se* violation of the federal antitrust laws.

79. For the purpose of formulating and effectuating the contract, combination, or conspiracy, defendants and their co-conspirators engaged in the following anticompetitive activities, the purpose and effect of which were to fix, maintain, suppress and otherwise unlawfully manipulate the price of COMEX silver futures and options contracts:

    (a) Participated in meetings and/or conversations to unlawfully discuss the price of COMEX silver futures and options contracts;

    (b) Agreed during those meetings and conversations to unlawfully sell COMEX silver futures contracts in order to drive down the price of COMEX silver futures contracts and otherwise to depress or unlawfully manipulate the prices of COMEX silver futures and options;

    (c) Communicated to one another their intention to depress or otherwise unlawfully manipulate the prices of COMEX silver futures and options contracts and colluded with one another in achieving this unlawful and anticompetitive purpose; and

    (d) Pursuant to such an unlawful conspiracy in restraint of trade, knowingly and collusively traded in order to depress or otherwise unlawfully manipulate the price of COMEX silver futures and options contracts.

80. Defendants' conspiracy, and resulting impact on the market for COMEX silver futures and options contracts, occurred in or affected interstate and international commerce.

81. Defendants' anticompetitive conduct has caused plaintiff and other members of the Class who traded COMEX silver futures and options contracts during the Class Period to trade at artificially determined prices that were suppressed as a result of defendants' unlawful conduct. As a consequence thereof, plaintiff and the Class suffered financial losses and were, therefore, injured in their business or property.

82. As a proximate result of defendants' unlawful conduct, Plaintiff and members of the Class have suffered injury to their business or property.

83. Plaintiff and members of the Class are each entitled to treble damages for the violations of the Sherman Act alleged herein.

## RELIEF SOUGHT

Accordingly, plaintiff demands relief as follows:

A.  That the Court determine that this action may be maintained as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure, that plaintiff be appointed as counsel for the Class and plaintiff's counsel be appointed as counsel for the class;

B.  That the unlawful conduct alleged herein be adjudged and decreed to be a violation of the CEA;

C.  That plaintiff and the Class recover damages, as provided under the CEA, together with prejudgment interest;

D.  That the unlawful conduct alleged herein be adjudged to be a *per se* violation of Section 1 of the Sherman Act;

E.  That plaintiff and the Class recover damages, as provided under federal antitrust law, and that a joint and several judgment in favor of plaintiff and the Class be entered against defendants in an amount to be trebled in accordance with such laws;

F. That plaintiff and the Class recover their costs of the suit, including attorneys' fees, as provided by law; and

G. That the Court direct such further relief it may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, plaintiff demands a jury trial as to all issues triable by a jury.

Dated: November 10, 2010

Respectfully Submitted,

By: *[signature]*
Jeffrey A. Klafter (JK-0953)
KLAFTER OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, N.Y. 10573
Phone: (914) 934-9200
Fax: (914) 934-9220

*Attorneys for Plaintiff Keith Wagner*

21